# BLANKROME

1271 Avenue of the Americas | New York, NY 10020
blankrome.com

Phone:    (212) 885-5352
Fax:      (212) 202-6187
Email:    Samuel.Levy@BlankRome.com

December 9, 2024

**VIA ECF FILING**

Honorable Naomi Reice Buchwald
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 21A
New York, New York 10007

Re:    *Angela Barkhouse and Toni Shukla, et al v. Kasseem Dean, et al.*,
       Civil Action No. 1:24-cv-07491-NRB

Dear Judge Buchwald,

We are counsel to Defendants Kasseem Dean ("Dean"), Monza Studios, Inc. ("Monza Studios"), and Swizz Beatz Productions Inc. ("Swizz Beatz PI" and collectively, with Dean and Monza Studios, the "Defendants"), and write pursuant to Rule 2(B) of the Court's Individual Practices, to request a pre-motion conference or an order authorizing the Defendants to file a motion to dismiss the Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

Plaintiffs, Angela Barkhouse and Toni Shukla, as Liquidators of Affinity Equity International Partners Limited and Alsen Chance Holdings Limited (In Liquidation) (the "Liquidators") allege that Affinity Equity International Partners Limited ("Affinity") and Alsen Chance Holdings Limited ("Alsen" and together with Affinity, the "Debtors"), both controlled by the well-known international fugitive Jho Low who allegedly stole $7.65 billion from 1 Malaysia Development Berhad ("1MDB"), fraudulently transferred (gifted) over two years the amount of $7.3 million to the Defendants, for no consideration. The Liquidators, who were appointed to act on behalf of the Debtors, seek to recover the Debtors' assets through causes of action for: (1) intentional fraudulent conveyance (formerly N.Y. Debtor and Creditor Law ("DCL") §§ 276 and 276-a); (2) constructive fraudulent conveyance (formerly DCL §§ 273-275); and (3) unjust enrichment. Even assuming the truth of the Complaint's allegations, none of the claims can be sustained as a matter of law.

**A.    No Constitutional Standing:** The Liquidators lack Article III standing to pursue their claims because they are not creditors of the Debtors and cannot act in the name of the creditors under BVI or U.S. law. The Liquidators have the burden of establishing the irreducible constitutional minimum standing, *Gates v. UnitedHealth Group Inc.*, No. 13-2114-cv, 2014 U.S. App. LEXIS 6136, at *2 (2d Cir. Apr. 3, 2014), which the Liquidators plead is achieved because they "represent the creditors of the Debtors by virtue of their appointment." (Cmplt. ¶¶ 118, 126) To bring a DCL fraudulent transfer claim, the Liquidators must be "a creditor of the transferor." *Eberhard v. Marcu*, 530 F.3d 122, 131–35 (2d Cir. 2008). The Complaint, however, confirms the Liquidators represent and manage the Debtors' affairs and act in the name of the Debtors – not the creditors. (Cmplt. ¶ 16). BVI law and Chapter 15 of the U.S. Bankruptcy Code do not grant the

Honorable Naomi Reice Buchwald
December 9, 2024
Page -2-

Liquidators authority to act on behalf of creditors for claims under U.S. law, limiting their standing to bring such claims. *In re Glitnir banki hf*, No. 08-14757 (SMB), 2011 Bankr. LEXIS 3296, at *25-26 n.17 (Bankr. S.D.N.Y. Aug. 19, 2011) (foreign representative cannot bring avoidance claims on behalf of creditors under bankruptcy or state fraudulent transfer laws). Similarly, the Liquidators lack standing to assert an unjust enrichment claim because it is based on injuries to the Debtors' creditors, not the Debtors themselves (Cmplt. ¶ 138). As they are only authorized to act on behalf of the Debtors, the Liquidators cannot pursue a claim for unjust enrichment. *Cobalt Multifamily Invs. I, LLC v. Shapiro,* 06 Civ. 6468, 2008 U.S. Dist. LEXIS 25849, at *6 (S.D.N.Y. Mar. 28, 2008)*; In re Hellas Telecommunications (Luxembourg) II SCA*, 524 B.R. 488 (Bankr. S.D.N.Y. 2015).

**B.    No Standing Under the Wagoner Rule:** The Liquidators' claims on behalf of the Debtors should be dismissed under the Second Circuit's *Wagoner* rule and the doctrine of *in pari delicto*, which preclude a party from suing for wrongdoing in which it participated. *In re Bernard L. Madoff Inv. Sec. LLC*, 721 F.3d 54, 63 (2d Cir. 2012); *Shearson Lehman Hutton, Inc. v. Wagoner*, 944 F.2d 114, 118 (2d Cir. 1991). The *Wagoner* rule, a prudential standing requirement, bars trustees from recovering against third parties when the debtor corporation was complicit in the fraud. *Wight v. BankAmerica Corp.*, 219 F.3d 79, 87 (2d Cir. 2000); *Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1094 (2d Cir. 1995) (affirming *Wagoner* Rule dismissal for lack of subject matter jurisdiction). The Complaint alleges that the Debtors, controlled by Mr. Low, were active participants in the fraudulent transfers, thus their misconduct is imputed to the Liquidators. (Cmplt. ¶¶ 2-3); *see Vogt v. Abish*, 663 F. Supp. 321, 327 (S.D.N.Y. 1987). The adverse interest exception, which under certain circumstances negates the *Wagoner* rule, does not apply because the insiders' actions were not entirely for their own interests but also benefited the Debtors. *In re Mediators, Inc.*, 105 F.3d 822, 827 (2d Cir. 1997). As such, under the *Wagoner* rule, the Complaint should be dismissed with prejudice.

**C.    The DCL Claims Are Time-Barred:** The Liquidators' DCL claims are subject to a six-year statute of limitations, or two years from the discovery of fraud. The discovery rule, however, does not apply to constructive fraudulent claims under DCL §§ 273-275, which must be filed within six years of the fraudulent conveyance. CPLR § 213(8); *Felshman v. Yamali*, 106 A.D.3d 948, 949–50 (2d Dep't 2013). The reasoning is that DCL §§ 273-275 claims are not based on actual fraud, and do not have a knowledge component. *United States v. McCombs*, 30 F.3d 310, 327 (2d Cir. 1994). Since the alleged transfers occurred between September 2012 and September 2014, the deadline to file these claims was September 2020, before the Liquidators were appointed in 2021 and 2023, necessitating the dismissal of the Second Cause of Action for DCL §§ 273-275 constructive fraud. Similarly, the Third Cause of Action for unjust enrichment is time-barred by the six-year statute of limitations, which began at the time of the alleged wrongful transfers, expiring by September 2020. *Cohen v. S.A.C. Trading Corp.*, 711 F.3d 353, 364 (2d Cir. 2013).

**D.    Infirm Pleading:** The Liquidators failed to properly plead:

Honorable Naomi Reice Buchwald
December 9, 2024
Page -3-

- First Cause of Action (DCL § 276): The Liquidators do not meet the heightened Fed. R. Civ. P. 9(b) pleading standard for actual fraud, pleading only "upon information and belief" the intent for the transfers to the Defendants. *Luce v. Edelstein*, 802 F.2d 49, 54 n.1 (2d Cir. 1986). While courts infer intent from circumstantial "badges of fraud," such as close relationships and inadequate consideration, these alone do not prove fraud. *See HBE Leasing Corp. v. Frank*, 48 F.3d 623, 639 (2d Cir. 1995). The Complaint fails to allege a sufficiently close relationship between Mr. Lo and the Defendants; rather, it only states that Mr. Low befriended many notable individuals, including Dean. (Cmplt. ¶ 27). Similarly, the mere fact that the Debtors wired the Defendants money does not create fraudulent intent; as the Complaint alleges, at least one transfer was an investment in the production of music. (Cmplt. ¶ 96)

- Second Cause of Action (DCL §§ 273-275 claims for constructive fraudulent transfers): The Complaint does not allege that the transfers were made without fair consideration which rendered the transferor insolvent, undercapitalized, or unable to pay debts. *In re Sharp Int'l Corp.*, 403 F.3d 43, 56 (2d Cir. 2005). The Complaint lacks specific facts to evidence the Debtors were insolvent or rendered insolvent from the transfers, or that the Defendants acted in bad faith, relying instead on conclusory statements. *See Waite v. Schoenbach*, No. 10 CIV. 3439 RMB, 2010 U.S. Dist. LEXIS 115470, at *16 (S.D.N.Y. Oct. 29, 2010) (allegations that "transfers were made without fair consideration" are conclusory and will not survive a motion to dismiss). Instead, the Complaint only pleads that two other entities – 1MDB and SRC International – were left with unreasonably small capital as a result of a series of transactions.

- Third Cause of Action (Unjust Enrichment): The Liquidators merely recite the undisputed bald elements of a claim, rather that pleading sufficient facts as to how the Defendants were allegedly unjustly enriched, failing to plead that the Defendants received the transfers and used them only for their own personal gain. *Bourbia v. S.C. Johnson & Son, Inc.*, 375 F. Supp. 3d 454, 467 (S.D.N.Y. 2019)

The Liquidators cannot sustain any of their claims, and the Complaint must be dismissed with prejudice and without leave to replead the legal theories. While leave to amend is freely given when justice requires, under Rule 15(a)(2), it can be denied for reasons such as futility or bad faith. Here, the Liquidators' claims are so flawed that amendment would be futile, warranting dismissal with prejudice. *Kim v. Kimm*, 884 F.3d 98, 105 (2d Cir. 2018).

The Defendants respectfully request an order allowing them to file their motion to dismiss, together with such other relief as this Court deems just and proper.

Respectfully submitted,

*/s/ Samuel D. Levy*
Samuel D. Levy

C:   Counsel of Record (via ECF)